UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              **LEXINGTON**

RONALD T. HOUSE                    )
                                   )
        Plaintiff,                 )  Civil Action No. 5:10-CV-320-JMH
                                   )
v.                                 )
                                   )  **MEMORANDUM OPINION AND ORDER**
INTERNAL REVENUE SERVICE,          )
                                   )
        Defendant.                 )

                        **       **       **       **       **

The United States has filed a Motion to Dismiss [Record No. 8] and Plaintiff has filed a Response [Record No. 9]. This Court being sufficiently advised, this Motion is now ripe for decision.

**I.   PROCEDURAL HISTORY**

On September 10, 2010, Pro Se Plaintiff Ronald T. House filed a complaint against Defendant Internal Revenue Service before this Court in the form of a letter requesting a "refund of carry back losses for tax years 2002 and 2003." [Record No. 1]. Nearly seven months later, this Court ordered Plaintiff to show cause as to why the complaint against the IRS should not be dismissed without prejudice for failure to prosecute. [Record No. 4]. Plaintiff proceeded to send a summons, which was returned executed on May 4, 2011, to Defendant at the following address: "Internal Revenue Service, Austin, TX 73301-0025." [Record No. 5]; [Record No. 6]; [Record No. 7]. Defendant argues, however, that Plaintiff has not served Defendant Internal Revenue Service according to Rule 4 and regardless, the United States, not the Internal Revenue Service, is

the proper party to a suit seeking a tax refund pursuant to 28 U.S.C. § 7422(f). [Record No. 8].

**II. STANDARD OF REVIEW**

A motion to dismiss pursuant to Rule 12(b)(2) for lack of personal jurisdiction and Rule 12(b)(5) for insufficient service, while presenting two distinct bases for dismissal, are closely interrelated. Indeed, a court may not exercise personal jurisdiction over a defendant if plaintiff has not met the procedural requirement of service of summons. *O.J. Distrib., Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003)(quoting *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1081 (6th Cir. 1990)). Thus, a defendant may "challenge personal jurisdiction 'by way of an attack on service of process.'" *Gundaker/Jordan Am. Holdings, Inc. v. Clark*, No. 04-226-JBC, 2009 U.S. Dist. LEXIS 55796, at *2 n.1 (E.D. Ky. June 26, 2009) (quoting *Japan Gas Lighter Ass'n v. Ronson Corp.*, 257 F. Supp. 219, 229 (D.N.J. 1966)). Should this Court find that Plaintiff has failed to properly serve Defendant, therefore, it shall grant Defendant's motion based on lack of personal jurisdiction and insufficiency of service.

After filing a complaint, the plaintiff must serve the defendant with a summons and a copy of the complaint. Fed. R. Civ. P. 4(c). Rule 4(m) requires that a Plaintiff serve the Defendant within 120 days following the filing of the complaint. Fed. R.

Civ. P. 4(m). Should a Plaintiff fail to properly serve Defendant within this time, the Court "must dismiss the action without prejudice" unless "the plaintiff shows good cause for the failure." *Id.* Upon a showing of good cause, "the court must extend the time for service for an appropriate period." *Id.* "Establishing good cause is the responsibility of the party opposing the motion to dismiss . . . and 'necessitates a demonstration of why service was not made within the time constraints.'" *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 521 (6th Cir. 2006) (quoting *Habib v. GMC*, 15 F.3d 72, 73 (6th Cir. 1994)). The Sixth Circuit has recognized, however, that Rule 4 should be construed liberally against a pro se plaintiff as "*pro se* plaintiffs [have] no reason to know their service of process [is] technically inadequate." *Habib*, 15 F.3d at 75 (interpreting former Rule 4(j) that required a court dismiss a complaint without prejudice should a plaintiff not show good cause why service was not made within 120 days after filing the complaint). A court, however, does not abuse its discretion in finding that a plaintiff who does "not disclose any effort, however minimal, . . . to effect service of process" on a defendant has not shown good cause requiring an extension of time to correct the procedural error. *Bush v. City of Zeeland*, 74 Fed. App'x 581, 583 (6th Cir. 2003).

## III. ANALYSIS

While Plaintiff has filed an executed summons on the Internal Revenue Service [Record No. 7], Plaintiff has failed to properly serve Defendant, an agency of the United States. Rule 4(i)(2) requires Plaintiff "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer or employee" in order to effectuate service against a United States agency, like the Internal Revenue Service. Fed. R. Civ. P. 4(i)(2). To serve the United States, plaintiff must deliver a copy of the summons and complaint to the United States Attorney for the district where the action is brought, the Attorney General of the United States, and in cases involving a non-party agency or officer of the United States, that agency or officer. Fed. R. Civ. P. 4(i)(1). Plaintiff, however, has only attempted to serve the Internal Revenue Service, failing to meet the requirements of Rule 4(i).[1] *See* [Record No. 5]; [Record No. 6]; [Record No. 7].

Furthermore, Plaintiff has not shown good cause in his Response to Defendant's Motion to Dismiss requiring this Court to

---

[1] The Court recognizes that suits meant to recover erroneously collected internal revenue tax may only be maintained against the United States. 26 U.S.C. § 7422(f)(1). This statute, however, also allows this court to "substitute the United States as a party" and allow the case to proceed, upon proper service of the United States. 28 U.S.C. § 7422(f)(2). Thus, should the Plaintiff have properly effected service on the United States or should Plaintiff show good cause for an extension of time to serve the United States, statute allows for the correction of Plaintiff's mistake.

4

extend the time allowed for Plaintiff to properly serve the United States. In requiring district courts to be lenient in finding a pro se plaintiff has shown good cause for failing to serve a defendant within 120 days of the filing of the complaint, the Sixth Circuit considered whether the pro se plaintiff has other extenuating circumstances requiring attention and whether the pro se plaintiff exercised "reasonable and diligent efforts to complete service . . . ." *Habib v. GMC*, 15 F.3d 72, 75 (6th Cir. 1994) (extending time for service when a pro se plaintiff attempted to serve the defendant, albeit ineffectively, in response to a magistrate judge's order despite facing medical needs related to a sudden illness). Reasonable diligence requires a showing that Plaintiff went "beyond simply sending the Defendant a document in pursuing his lawsuit." *Warner v. Bob Evans*, 74 Fed. R. Serv. 3d (Callaghan) 1160 (E.D. Ky. 2009).

Plaintiff, however, has failed to show any extenuating circumstances or reasonable diligence that would establish good cause, even under the more lenient standard used for pro se plaintiffs. Attempted service within the 120 day period allowed under Rule 4(m), follow-up visits with the clerk's office to check on the progress of the lawsuit, follow-up visits with the post office to check on the progress of the mailed summons and complaint, and immediate action to effect proper service upon determining plaintiff's initial service was ineffective have all

5

been found to show reasonable diligence on the part of a pro se plaintiff. *See Habib,* 15 F.3d 72; *Warner*, 74 Fed. R. Serv. 3d (Callaghan) 1160. In response to Defendant's motion, however, Plaintiff only argues that he should have time to serve the United States, which is the proper party to a tax refund action, without addressing the issue of insufficient service or attempting to show good cause for his procedural error. [Record No. 9, p. 1]. Furthermore, Plaintiff failed to effectuate proper service within 120 days of the complaint and in response to this Court's Show Cause Order of April 5, 2011 alerting Plaintiff to the requirements of service under Rule 4, Plaintiff has again failed to properly serve Defendant. *See generally* [Record No. 1]; [Record No. 4]; [Record No. 6]; [Record No. 7]. Plaintiff has also failed to show any extenuating circumstances, such as a medical condition, that might excuse this procedural failure. Thus, Plaintiff has not shown good cause for failing to properly serve Defendant within 120 days of the complaint and this Court shall grant Defendant's Motion to Dismiss for insufficient service of process and lack of personal jurisdiction.

**IV. CONCLUSION**

Defendant has shown that Plaintiff has failed to properly effectuate service in its Motion to Dismiss. Furthermore, Plaintiff's Response has not shown good cause for his failure to serve Defendant. Thus, this Court does not have personal

jurisdiction over Defendant and this Court shall grant Defendant's Motion to Dismiss.

Accordingly, **IT IS ORDERED**, that Defendant's Motion to Dismiss [Record No. 8] is **GRANTED.**

This the 25th day of July, 2011.

